SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3705
   Facsimile:   (510) 637-3724
   E-Mail:      James.C.Mann@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR-07-00376 DLJ |
|---|---|---|
| Plaintiff, | ) | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| v. | ) | **Sentencing Date: December 7, 2007, 10:00 a.m., The Honorable D. Lowell Jensen** |
| JOSE LUIS GUZMAN-MORENO, | ) | |
| Defendant. | ) | |

     The United States of America, by and through its undersigned counsel, hereby submits this Sentencing Memorandum requesting that Defendant Jose Luis Guzman-Moreno be sentenced to 30 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range, and three years of supervised release, consistent with the Plea Agreement and the recommendation of the United States Probation Office ("USPO").

## **INTRODUCTION**

     On September 14, 2007, Defendant pled guilty to a single-count information alleging that Defendant illegally reentered the United States following deportation in violation of Title 8, United States Code, Section 1326.  The Presentence Investigation Report ("PSR") adequately

1 sets forth the criminal activity. Consequently, the United States will not repeat the information in
2 this section.

3 **ARGUMENT**

4 "[A]s was the case before Booker, the district court must calculate the Guidelines
5 accurately." United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006) (internal quotations
6 and citations omitted). After calculating the Guidelines, the Court must apply the factors set
7 forth in 18 U.S.C. § 3553(a) to arrive at a reasonable sentence. Id. (stating that after determining
8 the Guidelines calculation is correct the appellate court turns to whether the sentence is
9 reasonable "in light of all the 18 U.S.C. § 3553(a) factors").

10 **I.    PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE
        SENTENCED TO 30 MONTHS IMPRISONMENT AND THREE YEARS OF
11       SUPERVISED RELEASE.**

12 The United States agrees with the Guidelines calculations set forth in the PSR resulting in
13 a total offense level of 17 and a criminal history category of III. Pursuant to the Plea Agreement
14 in this matter, the United States recommends a sentence of 30 months imprisonment, which is the
15 low end of the applicable Guidelines range.

16 **A.    DEFENDANT'S TOTAL OFFENSE LEVEL IS 17.**

17 The base offense level for illegal reentry in violation of 8 U.S.C. 1326 is eight. U.S.S.G.
18 § 2L1.2(a). In the instant case, the base offense level is increased by 16 levels because Defendant
19 was previously deported after sustaining a felony conviction for a crime of violence (i.e., Cal.
20 Penal Code § 245(a)(1)). U.S.S.G. § 2L1.2(b). Additionally, the Plea Agreement provides for a
21 downward adjustment of three levels for Defendant's acceptance of responsibility (U.S.S.G. §
22 3E1.1), and a downward departure of four levels pursuant to an early disposition program
23 (U.S.S.G. § 5K3.1). The resulting total offense level is 17. The USPO and both parties agree
24 that this is the correctly calculated total offense level. PSR ¶ 25.

25 **1.    Defendant's Felony Conviction For Assault With A Deadly Weapon
          Was Not Converted To A Misdemeanor.**
26

27 Although the United States agrees with the PSR's final calculation of Defendant's total
28 offense level, the United States disagrees with the PSR's conclusion that the 16-level increase

1   pursuant to U.S.S.G. § 2L1.2(b) is not applicable but for the parties' agreement to the same in the
2   Plea Agreement. PSR ¶ 29. The PSR comes to this conclusion based upon the finding that
3   Defendant's felony conviction for assault with a deadly weapon was converted to a misdemeanor
4   pursuant to California Penal Code § 17(b). Id. This is not the case.

5       On August 20, 2000, Defendant was convicted of a felony assault with a deadly weapon
6   in violation of California Penal Code § 245(a)(1). See Superior Court of California, County of
7   Alameda Probation Minute Order ("Minute Order") attached hereto as Exhibit 1. As reflected in
8   the Minute Order, on August 30, 2000, the California court suspended the imposition of sentence
9   for five years and placed Defendant on probation. Id. As a condition of probation, the Court
10  ordered Defendant to serve the first 90 days of his probation in jail. Id.

11      Assault with a deadly weapon is punishable by either imprisonment in the county jail not
12  exceeding one year or by imprisonment in the state prison for 16 months, two years, or three
13  years. Cal. Penal Code § 245(a)(1). Stated differently, assault with a deadly weapon can be a
14  misdemeanor or a felony - commonly called a "wobbler." Under California law, if "the offense
15  is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose until
16  judgment." United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992) (internal citations
17  omitted). California Penal Code § 17(b) provides, in relevant part, however, that a wobbler is a
18  misdemeanor for all purposes:

19      (1) After a judgment imposing a punishment other than imprisonment in the state prison.
20      [or] . . .

21      (3) When the court grants probation to a defendant without imposition of a sentence and
        at the time of granting probation, or on application of the defendant or probation officer
22      thereafter, the court declares the offense to be a misdemeanor. (emphasis added.)

23  Neither of these circumstances is applicable here.

24      First, "an order granting probation is not a judgment." Robinson, 967 F.2d at 293
25  (internal quotations and citations omitted). When a court grants probation after a conviction, it
26  may suspend imposition of the sentence, "in which case no judgment is rendered." Id.[1] In the

27  ───────────────

28      [1]   See also, United States v. Qualls, 172 F.3d 1136, 1137 (9th Cir. 1999) (finding
        defendant's conviction for assault with a deadly weapon was a felony because (1) the offense was
        GOVERNMENT'S SENTENCING MEMORANDUM
        No. CR-07-00376 DLJ                    -3-

1   instant case, the California court issued a Minute Order granting probation and suspending the

2   imposition of Defendant's sentence; thus, no judgment was entered. Second, nothing in the

3   record indicates that the California court declared Defendant's offense to be a misdemeanor

4   when it granted probation or thereafter. Therefore, Defendant's conviction for assault with a

5   deadly weapon remains a felony for every purpose.

6          In arriving at the opposite conclusion, the PSR misinterprets the holding of United States

7   v. Bridgeforth, 441 F.3d 864 (9th Cir. 2006). The Bridgeforth Court relies upon and confirms the

8   holding in Robinson above - "neither a grant of probation, nor a suspension of the imposition of

9   sentence, is a judgment imposing a punishment of imprisonment for a term not exceeding one

10  year." 441 F.3d at 871. In Bridgeforth, however, the situation was different than that in the

11  Robinson case and the instant case: although the Bridgeforth defendant was initially granted

12  probation, the court later terminated probation and actually imposed a sentence of one year in the

13  county jail. Id. Upon imposition of that sentence, the wobbler became a misdemeanor for all

14  purposes under California Penal Code § 17(b)(1) because the court actually imposed a

15  punishment other than imprisonment in the state prison. Again, because the California court did

16  not impose a punishment other than imprisonment in the state prison here, Defendant's

17  conviction for assault with a deadly weapon remains a felony for all purposes.

18              **2.      Defendant Has Accepted Responsibility For His Offense And Pled
                         Guilty In A Timely Manner.**

19

20         The United States respectfully recommends that Defendant be granted a two-level

21  reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d]

22  acceptance of responsibility for his offense" by truthfully admitting the facts establishing his

23  guilt. U.S.S.G. § 3E1.1(a).

24         Defendant is likewise entitled to a further reduction of one level for acceptance of

25  responsibility under the standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this further

26

27  punishable by more than one year in prison and (2) the grant of probation and suspension of
28  further proceedings "was not a judgment imposing punishment other than imprisonment in the
    state prison." (internal quotations and citations omitted.)

1  reduction, Defendant must have "assisted authorities in the investigation or prosecution of his
2  own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby
3  permitting the government to avoid preparing for trial and permitting the government and the
4  court to allocate their resources efficiently." U.S.S.G. § 3E1.1(b).  Because Defendant has pled
5  guilty in this case in a timely manner that avoided any preparation for trial, the United States
6  hereby moves that the he be granted this additional one-level reduction.

7       Additionally, the United States hereby moves that the Court grant a downward departure
8  of four levels pursuant to an early disposition program.  U.S.S.G. §5K3.1.

9  **B.   DEFENDANT'S CRIMINAL HISTORY CATEGORY IS III.**

10       The United States agrees with the "Criminal History Computation" set forth in the PSR
11  establishing Defendant's criminal history category at III.  PSR ¶¶ 31-32.  A total offense level of
12  17 and criminal history category of III results in a Guidelines range of 30-37 months.  Pursuant to
13  the Plea Agreement, the United States recommends a sentence at the low end of the applicable
14  Guidelines range.

15  **II.   APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES
16  THAT A SENTENCE OF 30 MONTHS IMPRISONMENT AND THREE YEARS
   OF SUPERVISED RELEASE IS REASONABLE.**

17       In light of the <u>Booker</u> Court's severance of 18 U.S.C. § 3553(b)(1) from the federal
18  sentencing statute, sentencing courts are now obliged to consider, in addition to the Guidelines,
19  the factors set forth 18 U.S.C. § 3553(a).  In this regard, the Supreme Court recently noted that
20  the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in
21  practice." <u>Rita v. United States</u>, 127 S. Ct. 2456, 2464 (2007).  These factors or considerations
22  include the need for the sentence to reflect the seriousness of the offense, afford adequate
23  deterrence, protect the public from further criminal conduct by the defendant, and avoid
24  sentencing disparities among similarly situated defendants.  The sentence contemplated by both
25  parties in the Plea Agreement and the USPO in the PSR achieves all of these sentencing goals.  A
26  sentence of 30 months imprisonment, three-years supervised release, and a $100 special
27  assessment is reasonable and appropriate.

28

1         Specifically, Defendant was deported on four occasions between 2001 and 2003 prior to

2  committing the instant offense. PSR ¶ 6. The requested sentence is necessary to reflect the

3  seriousness of the offense, which is Defendant's fifth illegal entry into the United States, and to

4  afford adequate deterrence in light of Defendant's repeat offenses.

5         Moreover, Defendant has been convicted of four previous criminal offenses while

6  residing illegally within the United States. Indeed, Defendant was convicted in August 2000 for

7  assault with a deadly weapon following a violent, physical attack on his wife after she called

8  police to report that Defendant had threatened to kill her and brandished a loaded machine gun.

9  Id. at ¶ 29; see also, Oakland Police Department Crime Report attached hereto as Exhibit 2.

10  Apparently, soon after he was released from custody on the assault offense, in December 2000,

11  Defendant was again arrested for another physical assault on his wife, during which Defendant

12  also threatened his wife with a knife. Id. at ¶ 33. Given Defendant's criminal history, and

13  particularly his violent attacks on his wife, the requested sentence is reasonable and necessary to

14  protect the public from further criminal conduct by Defendant.

15  **CONCLUSION**

16         For the foregoing reasons, the United States respectfully requests that the Court accept the

17  parties' Plea Agreement and the recommendation contained in the PSR, and determine that

18  Defendant's Guidelines offense level is 17 and his criminal history category is III. The United

19  States further respectfully requests that, taking into consideration the sentencing factors set forth

20  in section 3553(a), that the Court sentence Defendant to the low-end of the applicable Guidelines

21  range, namely, 30 months imprisonment, impose a three-year term of supervised release (under

22  the terms and conditions recommended by the USPO), and order Defendant to pay a $100 special

23  assessment.

24  DATED: November 30, 2007           Respectfully submitted,

25                                    SCOTT N. SCHOOLS

26                                    United States Attorney

27                                        /s/

28                                    JAMES C. MANN
                                  Assistant United States Attorney

# EXHIBIT 1

(RCD 02-00)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
**PROBATION MINUTE ORDER**

Case No.: 159290
Court Date: 8-30-00
Dept No.: 511

Defendant: Guzman, Moreno

This action comes on for:

☒ Report of the Probation Officer and Sentence. Defendant convicted on August 20, 2000
☐ Sentence, defendant having waived reference to Probation Department and requested immediate sentence.
☐ Sentence, defendant having requested summary grant of probation and subsequent reference to the Probation Department.
☐ Report of Probation Officer and imposition of further terms and conditions of probation following summary grant of probation.
(Conditions imposed on _____ are included with those listed below.)
☒ Defendant convicted of charge(s) below by:   ☐ Plea of Guilty   ☒ Plea of No Contest   ☐ Verdict of Jury/Court

| Count | Code | Section/Crime | Enhancements |
|---|---|---|---|
| 3 | PC | 245 (A) (1) a stipulated lesser included offense | |

**List Priors Admitted:**

VL  ☐ Diagnostic Evaluation pursuant to Section 1203.03 PC received.
ZE  ☒ Interpreter, Rodolfo Turenne, is present. Language spoken: Spanish

QC  ☒ Imposition of sentence is suspended
SJ/QC ☐ Execution of a prison sentence totaling _____ is suspended
♦   for a period of 5 years, during which time the defendant is placed under the care, custody and
    control of the Probation Officer of alameda County, subject to the following terms and conditions:
    **JAIL COMMITMENT**
RB  ☒ Serve the first 90 days of said probationary period in the Alameda County Jail.
SL  ☒ Credit for time served: 69  Total Days (actual): 46  days plus good time/work time: 23  days)
RC  ☐ Not be eligible for county parole.
AB  ☒ Defendant is remanded into the custody of the Sheriff of Alameda County.
PW  ☐ Released from custody, this action only.
    ☐ Referred to:    QY: ☐ Work Furlough    SP: ☐ ESP/Electronic Monitoring    PC: ☐ Weekend Work Program
SW  ☐ Perform _____ hours of volunteer service in lieu of jail as directed by the Probation Officer.
    **STANDARD CONDITIONS OF PROBATION**
    ☒ Report forthwith (or immediately upon release from custody) to the Probation Officer and thereafter as directed by the Probation Officer
      and follow all directives of Probation Officer.
    ☒ Obey all laws of the community and be of good conduct.
    ☒ Seek and maintain regular employment and/or schooling; if change of employment or residence, notify Probation Officer of any change
      within 7 days.
    ☒ If arrested give true name, correct address and accurate birthdate to arresting officer and report in writing to Probation Officer within 7
      days of said arrest.
PR  ☒ Submit to search and seizure by any Probation Officer or any other law enforcement officer at any time of the day or night with or without
      a search warrant, including; vehicle, residence, person or any other property under your control.
    **DRUG CONDITIONS**
    ☐ Standard Drug Conditions:
      Do not use, possess, or in any way traffic in narcotics or dangerous drugs, and do not associate with any persons using or in any way
      trafficking in narcotics or dangerous drugs.
    ☒ Submit to such education, counseling, treatments or tests as directed by Probation Officer including, but not limited to, urinalysis.
PV  Register pursuant to the provisions of Section 11590 of the Health and Safety Code.
    ☐ Enter an approved residential program: _____. Remain in said
♦   program and do not leave without permission of Probation Officer, director of approved program and this Court.
    ☐ Attend Narcotics Anonymous / Alcoholics Anonymous / 12-Step Program at least _____ times per week.
    ☐ Report forthwith for drug education and testing (IDAP).
    **PROHIBITIONS / RESTRICTIONS**
    ☐ Do not associate with any person known to you to have a criminal record.
OF  ☒ Do not own, use, or possess any firearms, ammunition, or any other deadly or dangerous weapons or explosives.
XE  ☒ Do not threaten, annoy, molest, harass or stalk or commit any acts of violence, sexual abuse or harassment against Carina Guzman
XF  ☐ Stay at least 100 yards away from the person, residence, school, and/or place of employment of _____

XF  ☐ Stay away from the following location/area: _____
    ☐ Do not return to the United States illegally, if deported.

**PROBATION MINUTE ORDER**

MORENO-0463

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## PROBATION MINUTE ORDER

Case No.: 139290
Court Date: 8-30-00
Dept. No.: 24

**Defendant:** Guzman, Moreno

---

☐ Attend and complete the Probation Department's SKILLS shop program as directed by the Probation Officer
☑ Satisfactorily complete a one year Batterers' Treatment Program (PC 1203.097).
☐ Participate in a recognized treatment program for sex offenders. (PC 12033.066).
☑ Submit to blood/saliva sampling for DNA testing (PC 296)
☐ Submit to AIDS testing (PC 1202.1).
**PC** ☐ Participate in an AIDS Education Program.
☐ Enter or continue mental health treatment, follow all treatment directives of therapist, including take medication If prescribed, and do not end treatment without permission of therapist, Probation Officer and the Court
**PV** ☐ Register as an offender:    ☐ Sex (PC 290)    ☐ Arson (PC 457.1)

☒ Do not drink alcoholic beverages    ☐ to excess
☐ Submit to blood, breath or urine testing as directed by Probation Officer or Peace Officer.
☐ Do not drive a vehicle unless lawfully licensed and insured.
☐ Do not drive a vehicle during period of probation unless in the course of legal/verified employment.
☐ Attend & complete:    TB: ☐ Driving Under the Influence School    MT: ☐ Drinking Driver Program
☐ Install an ignition interlock device on any vehicle you drive.

☐ Standard Gang Conditions:
Do not belong to any gang, nor act in furtherance of, in association with, or for the benefit of any gang.
Do not associate with any person known to you as a gang member; do not frequent areas where gang members gather or areas known by you for gang related activity.
Do not wear or possess any clothing/item or display any hand signs or insignia with gang significance.
Do not possess any graffiti materials, including spray paint, marker pens, etching/liquidation polish.
Do not enter school grounds unless enrolled in that school or with prior administrative approval.
Do not obtain new tattoos, brands, burns, piercings or voluntary scarring; submit to photographing of existing markings.
Stay out of buildings vehicles and places where any dangerous/deadly weapons firearms or ammunition are present.

RESTITUTION (payable through Probation Officer as directed)
**TO** ☑ Pay Restitution Fine of $ 200    (PC 1202.4(b)).
**SE** ☐ Pay restitution to victim    in the amount of $
**UM** ☐ Pay restitution as determined by the Probation Officer, the Court reserving jurisdiction to review such determination.
☑ Restitution is reserved to be determined by the Court (PC 1202.4 (f)).

☐ Pay Drug Program fee of $ _____ (HS 11372.7).
☐ Pay Criminal Lab Analysis fee of $ _____ (HS 11372.5).
☑ Pay Domestic Violence fee of $ 200 _____ (PC 1203.097(a)(5)).
☐ Pay Alcohol Education fee of $ _____

☐ Pay Penal Code Section _____ fine of $ _____
☐ Pay a Vehicle Fine of $ _____ ☐ including ☐ plus penalty assessment of $ _____ for a Total of: $ _____
pursuant to Vehicle Code Section _____ in monthly installments.
☐ Pay Sex Offender fine of $ _____ (PC 290.3).

FURTHER CONDITIONS:
Pay 100.00 to Battered Women's Shelter

---

**IT IS FURTHER ORDERED:**
☑ Defendant shall pay Probation Investigation fee of $ 100 — (PC 1203.1 b)
☐ Defendant shall pay Probation Supervision fee of $ _____ per month (PC 1203.1 b).
☐ Money seized at the time of arrest in the amount of $ _____ is forfeited and applied towards Probation Service Fee (PC 1203.1B).
**MC** ☐ Defendant shall pay Public Defender fee of $ _____ for services (PC 987.8), payable through Central Collections.
**AQ** ☐ Ball is exonerated.
**XK** ☒ Weapon to be destroyed. (PC 12028)
**KA** ☑ Matter continued to: December 1, 2000    at 9:00 Am in Dept 5 for

## PROBATION MINUTE ORDER    Progress Report

MORENO-0464

# EXHIBIT 2

# CRIME REPORT

**OAKLAND POLICE DEPARTMENT**
455 – 7th Street
Oakland, CA 94607-3985

Assign To: **A3**

RD No.

**00-64032**

| ROUTING | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ CID | Outside Reporting Agency | Case No. | Police Beat 32 | Off Beat 32X | Incident No. N87 | | | | | |
| ☐ YSD | | | | | | | | | | |
| ☐ VICE | LAST, First, Middle | | ☐ Business Name | ☐ Local/State/Federal | Sex | Race | DOB | Age | | |
| ☐ CSO | Home Address | | City ☐ Oakland | Zip | Home/Msg. Phone ( ) | | | | | |
| ☐ TRAFFIC | | | | | | | | | | |
| ☐ O.A. VICTIM | Business Address / School  NONE | | City ☐ Oakland | Zip | Work Phone ( ) | | | | | |
| ☐ Weapons ☐ Division | Occupation | D.L. No. | State | ☐ Domestic Violence ☐ Victim Injured ☐ Sex Assault Victim Request Conf. | | | | | | |
| | Working Hours | | | ☐ Victim's Support ☐ Resource Info Provided | | | | | | |

| ADDITIONAL PERSON | LAST, First, Middle | | | | | Sex | Race | DOB | Age |
|---|---|---|---|---|---|---|---|---|---|
| Home Address | | | City ☐ Oakland | Zip | Home/Msg. Phone ( ) | | | | |
| Business Address / School | | | City ☐ Oakland | Zip | Work Phone ( ) | | | | |

| LOCATION | POINT OF ENTRY | LOCATION P.O.E. | METHOD OF ENTRY | ☐ BREAK GLASS | BURGLARY | WEAPON USED |
|---|---|---|---|---|---|---|
| ☐ BANK/ATM | ☐ ROOM | | ☐ OPEN/UNLOCKED | ☐ REMOVE DOOR | ☐ AUTO | ☑ FIREARM |
| ☐ CONV MKT | ☐ WINDOW | ☐ FRONT | ☐ FORCED SCREEN | ☐ REMOVE WINDOW | ☐ RESIDENCE | ☐ CUT/STAB INSTR |
| ☐ GAS STATION | ☐ GARAGE | ☐ REAR | ☐ CUTTING DEVICE | ☐ FOSS EMPLOYEE | ☐ COMMERCIAL | ☐ HAND, FEET, FIST |
| ☐ OTHER COMM | ☐ ADJ PREM | ☐ SIDE | ☐ BODY FORCE | ☐ KEY | ☐ OTHER | ☐ CHEMICAL |
| ☑ RESIDENCE | ☐ VENT/SKYLIGHT | ☐ ROOF | ☐ PRY TOOL | ☐ WATER METER | | ☐ NONE |
| ☐ STREET | ☐ OTHER | ☐ LINK | ☐ CHANNEL LOCKS | ☐ NONE | | ☐ OTHER |
| ☐ MISC | | | ☐ ATTEMPT FORCE | ☐ LINK | ☐ ALARM RESPONSE | |

| ☐ Gang Related | ☐ Hate Crime Motivated By: | ☐ Race | ☐ Ethnicity | ☐ Religion | ☐ Sexual Orientation | ☐ Physical Disability | ☐ Mental Disability | ☐ Gender |
|---|---|---|---|---|---|---|---|---|

| | Common Name  CORPORAL INJURY SPOUSE/COHAB | Section / Subsection  273.5 | Code  P.C. | Pertains To:  V: |
|---|---|---|---|---|

Location (Address/Block No./Intersection)  1061 105TH AVE    ☐ OHA    ☐ ABC

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | 16 Jul 00 | 1300 | SUN | |
| | | | | 16 Jul 00 | 1344 | SUN | |
| | | | | 16 Jul 00 | 1347 | SUN | |

☐ EGG ED
☐ BREAK WINDOW
☐ SHOOT WINDOW
☐ GRAFFITI
☐ MAIL BOX
☐ KEYING/SCRATCHING
☐ SLASH TIRES
☐ OTHER

| | ☑ NONE | TYPE OF THEFT | | |
|---|---|---|---|---|
| CHECK ALL THAT APPLY | | ☐ PICKPOCKET | | |
| 1 ☐ CURRENCY/NOTES | 7 ☐ HOUSEHOLD GOODS | ☐ PURSESNATCH | | |
| 2 ☐ CLOTHING/FURS | 8 ☐ CONSUMABLE GOODS | ☐ AUTO ACCESS | | |
| 3 ☐ JEWELRY/PREC METAL | 9 ☐ LIVESTOCK | ☐ AUTO CLOUT | | |
| 4 ☐ FIREARMS | 10 ☐ MOTOR VEHICLES | ☐ SHOPLIFTING | | |
| 5 ☐ OFFICE EQUIPMENT | 11 ☐ MISCELLANEOUS | ☐ BICYCLE | | |
| 6 ☐ TVS, RADIO, STEREO | | ☐ COIN OP. DEVICE | | |

SOLVABILITY FACTORS (Check All That Apply)
☐ SURVEILLANCE PHOTO
☐ SERIOUS INJURY
☐ EVIDENCE
☐ SUSPECT IN-CUSTODY
☐ NAMED SUSPECT
☐ IDENTIFIABLE SUSPECT
☐ R/O REQUESTS INVESTIGATION

☐ THE VICTIM / REPORTING PARTY contacted the police department to report the THEFT / LOSS / DAMAGE of the listed property. There are no known suspects. This report is made to alert the police. No narrative was completed.

| VEHICLE | License No.  NONE | State | ☐ Secured at the Scene ☐ Released to the Owner ☐ Hold (Unit) | ☐ Towed ☐ Fingerprinted ☐ Stolen | Tow No. |
|---|---|---|---|---|---|
| ☐ Car  Yr  Make  Model | | Body Type | Color | VIN | |
| ☐ Truck | | | | | |
| ☐ Other | | | | | |
| ☐ Stolen  ☐ Mens ☐ Mtn.  Color | Brand | Model | Speed | License No. | Serial No. |
| ☐ Bicycle  ☐ Womens ☐ Road | | | | | |

**PROPERTY / NARRATIVE**    ☐ Loss  ☑ Evidence  ☐ Safekeeping  ☐ Recovered

ADDITIONAL CHARGES: 4) CRIMINAL STORAGE OF FIREARM 12035 (b)(1) P.C.

5) TERRORIST THREATS 422 P.C.

6) BRANDISHING FIREARM 417 (a)(2) P.C.

7) PUBLIC INTOXICATION 647 (F) P.C.

| | Photos Taken | Evidence Collected | Test: | | | Rec Value | Loss Value | Page 1 |
|---|---|---|---|---|---|---|---|---|
| Vict ☐  Vict ☐  Susp ☐  Arr ☐ | ☐ Phone Report | ☐ Yes ☑ No | ☑ Yes ☐ No | On Scene ☐ Yes ☑ No  Tag Left ☐ Yes ☑ No | | Ø | Ø | of 7 |

| Reported By  J. WEATHERLY | Serial No.  8301P | Watch  2 | Area  3 | Supervisor | Serial No. | Reviewer  LT. GOLDHIN  7573P  SGT DUNCAN | Serial No.  7446 |
|---|---|---|---|---|---|---|---|

536-W33 (3/99)

| ADDITIONAL INFORMATION REPORT | OAKLAND POLICE DEPARTMENT 455 - 7th Street Oakland, CA 94607 | RD # | 00-64032 |
|---|---|---|---|

| CRIME 273.5 PC | [ ] SUPPLEMENTAL | INCIDENT # 1187 | V1 | VICTIM LAST, First, Mid. | | |
|---|---|---|---|---|---|---|
| SUSPECT LAST, First Mid. Guzman-Moreno, Jose | | INCIDENT LOCATION 1001 105TH AVE | | | DATE OF THIS REPORT 16 Jul 00 | ORIGINAL DATE REPORTED |

ITEM/

EVID

(1) (12) (SEVENTEEN) RIFLE ROUNDS BRASS CASING, FULL METAL JACKET, R-P 30-06 SPRG. OFC. MANGINI RECOVERED IT AND TURNED INTO OPD PROPERTY.

(2) (EIGHT) RIFLE ROUNDS, BRASS CASING, FULL METAL JACKET R-P 45-70 GOVT, OFC MANGINI RECOVERED IT AND TURNED INTO OPD PROPERTY.

(3) (ONE) RIFLE MAGAZINE, BLK IN COLOR, OFC. MANGINI RECOVERED IT AND TURNED INTO OPD PROPERTY

(4) (FOURT-FOUR) BALL POINT, .38 CAL BULLETS, SIL IN COLOR S&W OFC. MANGINI RECOVERED IT AND TURNED ONTO OPD PROPERTY

(5) (ONE) MINI 421 MAGAZINE, BLK IN COLOR, OFC. MANGINI RECOVERED IT AND TURNED OPD PROPERTY.

(6) (THREE) RIFLE ROUND, BRASS CASING, FULL METAL JACKET R-P .270 WIN, OFC. MANGINI RECOVERED IT, AND TURNED INT OPD PROPERTY

(7) (ONE) JAPANESE TYPE 92/99 7.7mm, BLK MACHINE GUN CARRY BI-POD, SERIAL # 10374. OFC. MANGINI RECOVERED IT, AND TURNED INTO OPD PROPERTY.

| REPORTED BY A WEATHERLY | SERIAL # 9301r | WATCH 2 | DISTRICT L | SUPERVISOR LT 60cP4in | SERIAL # | PAGE OF |
|---|---|---|---|---|---|---|
| 536-937 (1/97) | | | | | | ORI 00109 |

P. 06    FAX NO. 5102882276    ALACO PROBATION    APR-05-01 THU 09:50 AM

# O.P.D. POLICE REPORT

**SUSPECT REPORT**

Oakland Police Department
455 - 7th Street
Oakland, CA 94607

RD # _____

**00-64032**

| CRIME | INCIDENT # | | VICTIM LAST, FIRST, MID. |
|---|---|---|---|
| 273.5 P.C. | 1187 | V1 | |

## SUSPECT

Number 1  LAST, First, Mid.: MORENO GUZMAN (JOSE    RELATIONSHIP TO VICTIM: HUSBAND    INCUSTODY THIS OFFENSE: ☒ YES [ ] NO    CITE # _____

| SEX | RACE | D.O.B. | AGE | HEIGHT | WEIGHT | HAIR | EYES | DL. NUMBER | PFN |
|---|---|---|---|---|---|---|---|---|---|
| M | H | 16 AUG 68 | 31 | 5-7" | 180 | BLK | BRN | A8627359 | |

| HOME ADDRESS | CITY ☒ OAKLAND | ZIP | APT. NO. | HOME MSG.PHONE |
|---|---|---|---|---|
| 10101 105TH AVE | | 94603 | | (510) 633-0187 |

| WORK ADDRESS (Name of Business) (School) | CITY [ ] OAKLAND | ZIP | OCCUPATION | WORK PHONE |
|---|---|---|---|---|
| | | | | ( ) |

**ADMONISHMENT:** ADMONISHED [ ] YES ☒ NO    REFUSED [ ] YES ☒ NO    STATEMENT [ ] YES ☒ NO    [ ] PROBATION COUNTY _____ Officer _____

BY: ( OFFICER/DATE/TIME) _____    [ ] PAROLE    AGENT _____    [ ] PAL

**DESCRIPTION PROVIDE BY** R/O    **CLOTHING, SCARS, MARKS, TATOOS, WORDS USED** BLK JEANS

| HAIR LENGTH | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | SPEECH | DEMEANOR |
|---|---|---|---|---|---|---|
| ☒ SHORT | ☒ NATURAL / AFRO | [ ] NONE | ☒ LIGHT | [ ] CASUAL | [ ] LOW PITCH | [ ] CALM |
| [ ] MED. (HALF EAR) | [ ] BRAIDED | [ ] BEARD | [ ] MEDIUM | [ ] WELL GROOMED | [ ] HIGH PITCH | [ ] POLITE |
| [ ] LONG (COVER EAR) | [ ] CREWCUT | [ ] MUSTACHE | [ ] DARK | ☒ UNKEMPT | ☒ SLURRED | [ ] APOLOGETIC |
| [ ] COLLAR | [ ] CURLY | [ ] BEARD & MUSTACHE | [ ] FRECKLED | [ ] RIGHT HANDED | [ ] STUTTER | ☒ NERVOUS |
| [ ] SHOULDER | [ ] PONYTAIL | [ ] GOATEE | [ ] ACNE | [ ] LEFT HANDED | [ ] ACCENT | [ ] PROFESSIONAL |
| [ ] BALD/SHAVED | [ ] PUNK | [ ] SIDEBURNS | [ ] POCKMARK | [ ] BIRTHMARK | TYPE ___ | [ ] OFFENSIVE |
| [ ] RECEDING | [ ] CONSERVATIVE | | [ ] RUDDY | [ ] MOLE | [ ] OTHER | [ ] HOSTILE |
| | | | | | | [ ] VIOLENT |

**OTHER DISTINCTIVE FEATURES**    [ ] BODY ODOR TYPE ___    **WEAPON USED**  [ ] REVOLVER   [ ] SEMI-AUTO PISTOL   [ ] SHOTGUN   ☒ RIFLE

| [ ] GOLD TOOTH | [ ] MISSING TEETH | [ ] LARGE EYES | CAL. ___ BARREL ___ | [ ] SAWED OFF | [ ] NICKEL | [ ] BLUED |
|---|---|---|---|---|---|---|
| [ ] SILVER TOOTH | [ ] GLASSES | [ ] MISSING LIMBS | [ ] BLUDGEON / CLUB | [ ] HANDS / FEET | [ ] ROCK / BRICK | [ ] CUT / STAB | [ ] VEHICLE |

## SUSPECT

Number ___  LAST, First, Mid.: ___    RELATIONSHIP TO VICTIM: INCUSTODY THIS OFFENSE [ ] YES [ ] NO    CITE # ___

| SEX | RACE | D.O.B. | AGE | HEIGHT | WEIGHT | HAIR | EYES | DL. NUMBER | PFN |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

| HOME ADDRESS | CITY [ ] OAKLAND | ZIP | APT. NO. | HOME MSG. PHONE |
|---|---|---|---|---|
| | | | | |

| WORK ADDRESS (Name of Business) (School) | CITY [ ] OAKLAND | ZIP | OCCUPATION | WORK PHONE |
|---|---|---|---|---|
| | | | | ( ) |

**ADMONISHMENT:** ADMONISHED [ ] YES [ ] NO    REFUSED [ ] YES [ ] NO    STATEMENT [ ] YES [ ] NO    [ ] PROBATION COUNTY ___ Officer ___

BY: (OFFICER/DATE/TIME) ___    [ ] PAROLE    AGENT ___    [ ] PAL

**DESCRIPTION PROVIDED BY** ___    **CLOTHING, SCARS, MARKS, TATOOS, WORDS USED** ___

| HAIR LENGTH | HAIR STYLE | FACIAL HAIR | COMPLEXION | APPEARANCE | SPEECH | DEMEANOR |
|---|---|---|---|---|---|---|
| [ ] SHORT | [ ] NATURAL / AFRO | [ ] NONE | [ ] LIGHT | [ ] CASUAL | [ ] LOW PITCH | [ ] CALM |
| [ ] MED. (HALF EAR) | [ ] BRAIDED | [ ] BEARD | [ ] MEDIUM | [ ] WELL GROOMED | [ ] HIGH PITCH | [ ] POLITE |
| [ ] LONG (COVER EAR) | [ ] CREWCUT | [ ] MUSTACHE | [ ] DARK | [ ] UNKEMPT | [ ] SLURRED | [ ] APOLOGETIC |
| [ ] COLLAR | [ ] CURLY | [ ] BEARD & MUSTACHE | [ ] FRECKLED | [ ] RIGHT HANDED | [ ] STUTTER | [ ] NERVOUS |
| [ ] SHOULDER | [ ] PONYTAIL | [ ] GOATEE | [ ] ACNE | [ ] LEFT HANDED | [ ] ACCENT | [ ] PROFESSIONAL |
| [ ] BALD/SHAVED | [ ] PUNK | [ ] SIDEBURNS | [ ] POCKMARK | [ ] BIRTHMARK | TYPE ___ | [ ] OFFENSIVE |
| [ ] RECEDING | [ ] CONSERVATIVE | | [ ] RUDDY | [ ] MOLE | [ ] OTHER | [ ] HOSTILE |

**OTHER DISTINCTIVE FEATURES**    [ ] BODY ODOR TYPE ___    **WEAPON USED**  [ ] REVOLVER   [ ] SEMI-AUTO PISTOL   [ ] SHOTGUN   [ ] RIFLE

| [ ] GOLD TOOTH | [ ] MISSING TEETH | [ ] LARGE EYES | CAL. ___ BARREL ___ | [ ] SAWED OFF | [ ] NICKEL | [ ] BLUED |
|---|---|---|---|---|---|---|
| [ ] SILVER TOOTH | [ ] GLASSES | [ ] MISSING LIMBS | [ ] BLUDGEON / CLUB | [ ] HANDS / FEET | [ ] ROCK / BRICK | [ ] CUT / STAB | [ ] VEHICLE |

## SUSPECT VEHICLE

**VEHICLE WAS:** [ ] TOW (#___)   [ ] SECURED AT SCENE   [ ] FINGERPRINTED   [ ] RELEASED TO OWNER   [ ] HOLD(UNIT)    DAMAGE DETAILS, UNIQUE FEATURES ___    OTHER DESCRIPTION ___

| OWNER | ADDRESS | CITY [ ] OAKLAND | ZIP | PHONE |
|---|---|---|---|---|
| NONE | | | | |

| LIC./STATE/OR PLATE COLORS | YEAR | MAKE | MODEL | STYLE | EXTERIOR COLOR | CONDITION | INTERIOR COLOR | INTERIOR |
|---|---|---|---|---|---|---|---|---|
| | | | | | | [ ] CLEAN [ ] NEW | | [ ] CLEAN [ ] DOOR |
| | | | | | | [ ] DIRTY [ ] POOR | | [ ] DIRTY [ ] |

| TIRES | RIMS | LEVEL | ROOF | WINDOWS | SEATS | TRANSMISSION |
|---|---|---|---|---|---|---|
| [ ] STOCK [ ] WIDE | [ ] STOCK [ ] CHROME | [ ] STOCK [ ] LOWERED | [ ] VINYL [ ] LANDAU | [ ] TINTED | [ ] VINYL [ ] BENCH | [ ] AUTOMATIC |
| [ ] SMALL [ ] | [ ] MAGS [ ] SPOKE | [ ] RAISED [ ] | [ ] CONV | [ ] BROKEN | [ ] CLOTH [ ] BUCKET | [ ] MANUAL |

| REPORTED BY | SERIAL # | WATCH | DISTRICT | SUPERVISOR | SERIAL # | |
|---|---|---|---|---|---|---|
| J. Mangini | 8177 | 2 | 6 | LT. GOLDHIN | 7573 | PAGE 3 OF 7 |

536-834 (1/97)    ORI 00109

MORENO-0480

**CONTINUATION REPORT**    OAKLAND POLICE DEPARTMENT
455 - 7th Street
Oakland, CA 94607

RD # 

OC-64032

| CRIME | | | INCIDENT # | VICTIM LAST, First, MKL | |
|---|---|---|---|---|---|
| 273.5 P.C. | [x] SUPPLEMENTAL | | 1187 | V1 | |

| SUSPECT LAST, First MKL | | INCIDENT LOCATION | | DATE OF THIS REPORT | ORIGINAL DATE REPORTED |
|---|---|---|---|---|---|
| MORENO GUZMAN, JOSE | | 10101 105TH AVE. | | 16 Jul 00 | |

**DOMESTIC VIOLENCE**
[x] MARRIED  [ ] DIVORCED  [ ] CHILD-IN-COMMON   VICTIM RELOCATED TO ALTERNATE
[x] COHABITANT  [ ] BOY / GIRL FRIENDS  [ ] OTHER    SHELTER  [ ] YES [x] NO

| DATES OF PREVIOUS INCIDENTS | MONTH / YEAR | MONTH / YEAR | MONTH / YEAR | MONTH / YEAR | TOTAL OF RPTD INCIDENTS |
|---|---|---|---|---|---|

| INJURIES [ ] SEVERE  [ ] MODERATE  [ ] MINOR  [ ] COMPLAINT OF PAIN  [x] NONE  [ ] DESCRIBE: | MEDICAL TREATMENT [ ] YES [x] NO  PROVIDED BY:  PHOTO TAKEN  [ ] YES [x] NO | RESTRAINING ORDER IN EFFECT  [ ] YES [x] NO  ORDER NO.   EXPIRATION DATE   ISSUING COURT |
|---|---|---|

I DECLARE UNDER PENALTY OF PERJURY THAT I ADVISED THE SUSPECT OF THE PROVISIONS OF THE RESTRAINING ORDER

OFFICER'S SIGNATURE            DATE        TIME

| DOMESTIC VIOLENCE RESOURCE CARD GIVEN [x] YES [ ] NO | IF MISDEMEANOR CASE, WAS VICTIM ADVISED OF CITIZENS ARREST PROCEDURES ? [ ] YES [x] NO  IF VICTIM REFUSES TO PROSECUTE, LIST REASON: | VICTIM ADVISED TO NOTIFY THE INVESTIGATOR OF ANY ADDRESS OR PHONE NUMBER CHANGE  [ ] YES [x] NO |
|---|---|---|

| CRIME | 2 | COMMON NAME  POSS. DEADLY WEAPON | SECTION / SUBSECTION  12020(a) PC | CODE | PERTAINS TO:  V: 1 |
|---|---|---|---|---|---|
| CRIME | 3 | COMMON NAME  METAL AMMUNITION | SECTION / SUBSECTION  12321 PC | CODE | PERTAINS TO:  V: 1 |

PROPERTY (Include NARRATIVE)  BRAND NAME MODEL PRICE CODE MAN CLEIN   SERIAL #  VALUE

Summary

ON 16 Jul 00 AT ABOUT 1347HRS. OFC. MANGINI AND I WERE DISPATCHED TO 10101 105TH AVE TO INVESTIGATE A REPORT OF A MAN ASSAULTING A WOMAN. DISPATCH ADVISED THAT THEY WERE ON THE PHONE WITH THE COMP, AND SHE TOLD THEM THAT HER HUSBAND HAD A GUN INSIDE THE RESIDENT. WHILE ON THE PHONE WITH DISPATCH NOISE COULD BE HEARD IN THE BACKGROUND. THEN DISPATCH LOST CONTACT WITH THE COMP, AN ATTEMPTED TO RECONTACT THE COMP WHICH WAS MET WITH NEGATIVE RESULTS. IN LIGHT OF THESE FACTS, WE ADVISED DISPATCH THAT WE WOULD BE RESPONDING CODE 3, DUE TO THE NATURE OF THE CALL.

UPON ARRIVAL TO THE SCENE I OBS SEVERAL INDIVIDUALS STANDING OUT FRONT, BUT DUE TO A LANGUAGE BARRIER I WAS UNABLE TO FIND OUT WHAT WAS GOING ON. I THEN OBS. A MALE HISPANIC COME FROM INSIDE THE HOUSE, AND START WALKING TOWARDS THE GATE. THE MALE HISPANIC WAS LATER ID'ED BY A CDL WHICH BEARED THE NAME MORENO-GUZMAN, JOSE. MORENO WAS SHOUTING AT THE TOP OF HIS VOICE IN SPANISH. MORENO APPEARED TO BE VERY INTOXICATED AS HE HAD BLOOD-SHOT EYES UNSTEADY GAIT, AND UNABLE TO FOLLOW SIMPLE COMMANDS. BASED ON THESE FACTS, OFC. MANGINI, AND I DETAINED MORENO AND PLACED HIM IN THE REAR OF OUR PATROL VEH.

| REPORTED BY:  L.A. WEATHERLY | SERIAL #  8301P | WATCH  2 | DISTRICT  6 | SUPERVISOR  LT. GOLPHIN | SERIAL #  7573P | PAGE 4 OF 7 |
|---|---|---|---|---|---|---|

TF-3083 (ANC/404)

ORI 00109

MORENO-0478

OAKLAND POLICE DEPARTMENT
455 - 7th Street
Oakland, CA 94607

**ADDITIONAL INFORMATION REPORT**

RD # _____ 00-64032

| CRIME | | INCIDENT # | | VICTIM, LAST, First, Mid. | |
|---|---|---|---|---|---|
| 273.5 P.C. | SUPPLEMENTAL | 1787 | V1 | | |

SUSPECT LAST, First Mid.: MORENO-GUZMAN, JOSE
INCIDENT LOCATION: 1061 105 TH AVE
DATE OF THIS REPORT: 16 Jul 00
ORIGINAL DATE REPORTED: 16 Jul 00

ITEMS:

## Summary Cont:

I THEN MADE CONTACT WITH _____ WHO ADVISED THAT MORENO, THE MAN THAT WE HAD PLACED IN THE REAR OF OUR PATROL VEH. HAD BEATEN HER UP. OFC. MANGINI THEN ASKED _____ IF THEIR WERE ANY GUNS IN THE HOUSE. _____ THEN ADVISED THAT MORENO KEEPS THE GUN UNDERNEATH THE BED IN THE ROOM WHERE THEY SLEEP. OFC. MANGINI AND I THEN RELOCATE TO THE BEDROOM TO LOOK FOR THE GUN. WE THEN FOLLOWED _____ TO THE BEDROOM WHERE SHE DIRECTED US TO (EVID ITEMS 1-7), WHICH WERE UNDERNEATH THE BED AS _____ HAD STATED. OFC. MANGINI THEN CALLED FOR AN ADDITIONAL OPD UNIT TO RESPOND TO THE SCENE, AS THE GUN WAS LOADED WITH LIVE ROUNDS, AND OFC. MANGINI AND I DID NOT KNOW HOW TO SAFELY UNLOAD THE WEAPON. OFC. AYALA RESPONDED TO THE SCENE, AND RENDERED THE WEAPON SAFE — SEE HIS SUPPLEMENTAL FOR MORE DETAILS.

AFTER SECURING THE EVID FROM THE BEDROOM, I THEN SAT DOWN WITH _____ TO FURTHER MY INVESTIGATION. I TOOK A STATEMENT FROM _____ WHO STATED THAT HER HUSBAND (MORENO) THEY WERE ARGUING ON 16 JUL 00, ABOUT 13 BOOKS OVER ANOTHER MALE THAT HAD COME TO A PARTY ON 5 JUL 00. _____ STATED THAT _____ MORENO APPARENTLY THOUGHT HE WAS HER BOYFRIEND. AS A RESULT OF THE ARGUMENT MORENO LOSS CONTROL OF HIS TEMPER. MORENO THEN REMOVED THE GUN FROM UNDERNEATH THE BEDROOM, AND POINTED IT AT _____ MORENO THEN STATED TO _____ WHILE STILL POINTING THE GUN AT _____ THAT HE WAS GOING TO KILL HER, AND THEN HIMSELF. _____ STATED THAT SHE WAS AFRAID THAT MORENO

REPORTED BY: A WEATHERLY  830 1
WATCH: 2
DISTRICT: 6
SUPERVISOR: LT GOLPHIN
SERIAL #: 
PAGE 5 OF 7

535-087 (1/87)

MORENO-0477

**OAKLAND POLICE DEPARTMENT**
455 - 7th Street
Oakland, CA 94607

**ADDITIONAL INFORMATION REPORT**

RD # 00-64032

| CRIME | SUPPLEMENTAL | INCIDENT # | VICTIM'S LAST, First, Mid. |
|---|---|---|---|
| 273.5 P.C. | | 11787 V1 | |

| SUSPECT LAST, First, Mid. | INCIDENT LOCATION | DATE OF THIS REPORT | ORIGINAL DATE REPORTED |
|---|---|---|---|
| MORENO-GUZMAN, JOSE | 1861 105TH AVE | 7/16/00 | 7/16/00 |

Summary Cont

WAS GOING TO KILL HER, COUPLED WITH THE FACT THAT MORENO H.B.D AND TENDS TO GET VERY VIOLENT WHEN INTOXICATED. FEARING FOR HER SAFETY _____ DIALED 911 FOR THE POLICE. WHILE ATTEMPTING TO CALL THE POLICE, MORENO ATTACKED _____ AND SLAPPED HER IN THE FACE SEVERAL TIMES, AND AT THE SAME TIME SNATCHED THE PHONE AWAY FROM HER, SO THAT SHE COULD NOT CONTACT THE POLICE FOR HELP. _____ THEN WAITED FOR ANOTHER OPPORTUNITY TO CALL THE POLICE. WHEN THE OPPORTUNITY CAME SHE CONTACTED THE POLICE AGAIN. _____ ALSO ADVISED THAT MORENO HAD KICKED HER IN THE BACK. SHE ALSO ADVISED THAT MORENO HAD BEATEN HER IN THE PAST BUT SHE HAD NOT REPORTED IT FOR FEAR OF HER OWN PHYSICAL SAFETY AS HE HAS THREATENED TO KILL HER. I TOOK A STATEMENT FROM _____ REGARDING THE INCIDENT, AND SHE ADVISED THAT SHE WOULD ASSIST IN HIS PROSECUTION. - SEE _____ STATEMENT FOR FURTHER DETAIL

MY INVESTIGATION REVEALED THAT ON 16 JUL 000, AT ABOUT 1300 HRS. APPARENTLY MORENO WHO WAS INTOXICATED FROM DRINKING SEVERAL ALCOHOLIC BEVERAGES, BECAME ENRAGED WITH _____ OVER AN ARGUMENT REGARDING ANOTHER MAN. AS A RESULT OF BECOMING ENRAGED WITH _____, HE GOES AND GETS (EVID #7) FROM THE BEDROOM AND POINTS IT AT _____ WHILE MAKING THREATS OF KILLING HER. _____ PERCEIVED THE THREATS AS REAL, AND SHE FEARED THAT MORENO WOULD KILL HER. BASED ON HIS ACTIONS, AND PRIOR UNREPORTED BEATINGS SHE RECEIVED FROM MORENO. IN ADDITION, MORENO WAS VERY COMBATIVE TOWARDS US, AND VERY HOSTILE. THEREFORE, I DID NOT TAKE A STATEMENT FROM HIM.

| REPORTED BY | SERIAL # | WATCH | DISTRICT | SUPERVISOR | SERIAL # | PAGE |
|---|---|---|---|---|---|---|
| A WEATHERLY | 8301P | 2 | 6 | LT. GRIPHIN | 7523P | 6 OF 7 |

538-937 (1/97)                    ORI 00109

MORENO-0476

**ADDITIONAL INFORMATION REPORT**

OAKLAND POLICE DEPARTMENT
455 - 7th Street
Oakland, CA 94607

RD # _____

DC-64032

| CRIME | [ ] SUPPLEMENTAL | INCIDENT # | | VICTIM LAST, First, Mid. |
|---|---|---|---|---|
| 273.5 PC | | 1187 | V1 | |

| SUSPECT LAST, First Mid. | INCIDENT LOCATION | | DATE OF THIS REPORT | ORIGINAL DATE REPORTED |
|---|---|---|---|---|
| MORENO-GUZMAN, JOSE | 1061 105TH AVE | | 6 JUL 06 | |

**ITEM #** ... **QUAN** ...

SUMMARY CONT

I OBS. NO USABLE INJURIES TO _____ FACE. SO NO TECH STACKED.
FOR PHOTOS.


MY OBS. OF (EVID 1-7) IN PARTICULAR (EVID # 7) WHICH WAS LATER
IDED AS A FULLY AUTOMATIC JAPANESE STYLE BREN MACHINE GUN
CONTAINING (6) SIX RIFLE ROUNDS (GP 30-6 30R6)
WHICH WAS LOADED WITH A RIFLE MAGAZINE UNDERNEATH. THE BED.
THE BEDROOM CONTAINED ONE QUEEN SIZED BED WHERE _____ AND
MORENO SLEEP. ALSO BUNKBEDS WHERE SEVERAL CHILDREN SLEEP
AND (EVID # 7) IS ACCESSIBLE TO THOSE CHILDREN.


DUE TO THE FACT THAT MORENO BRANDISHED THE GUN AT _____ WHILE
MAKING THREATS OF GBI/AND OR DEATH TOWARDS _____ COUPLED WITH
MORENO ASSAULTING HIS SPOUSE. DEMONSTRATES THAT MORENO'S MENTAL-
STATE IS UNSTABLE, AND SHOULD NOT BE PERMITTED TO EVER'Y RECLAIM
(EVID #7). FROM OPD PROPERTY, WHERE IT WAS TURNED INTO FOR
EVID _____. ALSO (EVID #7) IS A MACHINE GUN FROM THE WWII ERA.
AND CAN BE A VERY DESTRUCTIVE WEAPON IN THE WRONG HANDS.
REPRESENTS THAT, COUPLED WITH HIM BEING INTOXICATED AND HANDLING
THAT WEAPON COULD POSSIBLE LEAD TO SOMEONE GETTING HURT. THE
WEAPON WAS TAKEN PER 12028. 5PC WHICH ALLOWS US TO TAKE WEAPONS
IN DOMESTIC VIOLENCE SITUATION.


_____ ALSO TOLD US THAT MORENO HAD FIRED (EVID # 7) A NIGHT
AGO. FOR FUN. _____ ALSO EMPHASIZED THAT (EVID # 7) BELONG TO
MORENO. OFC. MANGINI DID A FILE CHECK OF MORENO'S CRIMINAL - HISTORY WHICH
WAS MET WITH NEGATIVE RESULTS.

| REPORTED BY | SERIAL # | WATCH | DISTRICT | SUPERVISOR | SERIAL # | PAGE |
|---|---|---|---|---|---|---|
| A WEATHERLY | 83911 | 2 | 6 | LT GOLPHIN | | 1 OF 1 |

538-937 (1/97)

ORI 00109

MORENO-0475

se Small Arms, W-



Japanese 7.7mm Light Machine Gun Type 99 (1939).

7.7mm Type 99 Paratroop Type Machine Gun, broken down.

MORENO-0484



Japanese 7.7mm Light Machine Gun Type 99 (1939).

7.7mm Type 99 Paratroop Type Machine Gun, broken down.

MORENO-0485